646 So.2d 117 (1994)
F.D.M.
v.
C.D.S.
AV93000135.
Court of Civil Appeals of Alabama.
July 29, 1994.
Cheryl L. Baggott, Montgomery, for appellant.
Willis E. Isaac, Montgomery, for appellee.
YATES, Judge.
F.D.M. (mother) filed a paternity action in the juvenile court against C.D.S.; he admitted paternity of the child. He was ordered to pay temporary child support of $243 per month, plus an additional $7 per month toward reimbursing the State for assistance it had provided in the amount of $1,332. At that time, he advised the court that he intended to seek custody of the child.
On July 16, 1993, the father filed a "Petition For Custody," and after a hearing, the court awarded "legal and physical custody" of the child to the father. The mother appeals, *118 contending that her due process rights were violated because the trial court failed to inform her that she had the right to be represented by a lawyer and that if she was financially unable to retain one herself, the court would appoint one.
At the hearing on the custody petition, the father was represented by counsel, and the child was represented by a guardian ad litem; the mother was not represented by counsel. The mother correctly points out that parents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed, pursuant to § 12-15-63(b), Ala.Code 1975, if they are unable to retain their own because of financial reasons. She further argues that the issue of custody would not have been within the jurisdiction of the juvenile court unless the father alleged that the child was dependent, as he did in his petition, and that, pursuant to § 12-15-30(a), Ala. Code 1975, that allegation made this a dependency case; she contends that only that fact brought this case within the juvenile court's jurisdiction. We disagree.
Although the father did allege dependency in his petition seeking custody, it is clear that the trial court treated this action as one to determine appropriate custody, not as a dependency action. Therefore, the mother was not entitled to be advised concerning counsel. Following the paternity determination, the father filed a "petition for custody." Testimony presented at the hearing concerned the care of the child that had been provided, and could be provided in the future, by the father and his present wife. Additionally, visitation rights of the mother were addressed.
The juvenile court exercises exclusive original jurisdiction of proceedings to determine custody when the "child is otherwise before the court." § 12-15-30(b)(1), Ala.Code 1975. The record indicates that the child was "before the court" in the paternity hearing; that the father indicated at that hearing that he would seek custody; and that the child support ordered at that time in the juvenile court was to be reviewed when the issue of custody was resolved; therefore, the custody matter was properly before the juvenile court for reasons other than the father's allegation of dependency.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.